UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KATRINA W.,

              Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

              Defendant.

Case No. 3:25-cv-00987-AR

OPINION AND ORDER

---

**ARMISTEAD, United States Magistrate Judge**

Katrina W. challenges the Commissioner's denial of her supplemental security income application arguing that the Administrative Law Judge (ALJ) erred in analyzing her symptom testimony and by assessing her residual functional capacity (RFC) without a medical opinion regarding her functioning. (Pl.'s Br. at 2-10, ECF 9.) The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting

*Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

**A.**    ***Subjective Symptom Testimony.*** Plaintiff argues that the ALJ failed to give specific, clear and convincing reasons for discounting her subjective symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (holding that if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony). According to plaintiff, the ALJ's bases for discounting her testimony—the medical evidence and plaintiff's activities of daily living (ADLs)—were unsupported or failed to account for the entire record. (Pl. Br. at 6-10; Tr. 23-28.) Plaintiff is correct.

To begin with, the ALJ incorrectly found that plaintiff's shoulder impairments were not as limiting as she claimed because of inconsistency between the objective medical record and plaintiff's symptom testimony. (Tr. 25.) That is because the ALJ's record reference to "demonstrated passive pain-free range of motion in both shoulders as well as good strength, at worst 4/5, suggesting only slight weakness in the right shoulder" (Tr. 25 (citing Tr. at 474-75)) is an example of cherry-picking the record by focusing on normal findings when the record, and the treatment notes the ALJ cited, also contained abnormal findings consistent with plaintiff's testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (holding that an ALJ may not "cherry-pick" evidence that disfavors disability without considering its context in record). Those abnormal findings included, during the same physical examination, evaluations of "pain" and "active painful range of motion" to describe plaintiff's right shoulder. (Tr. 474.)

Likewise, the ALJ's finding that "despite neck degenerative disc disease and bilateral shoulder impairments, [plaintiff] has generally demonstrated full/normal range of motion in the neck and shoulders" is not supported by substantial evidence. (Tr. 28 (citing Tr. at 536-38, 611-13, 745-47).) The ALJ ignored other evidence contained within those same examinations that showed her shoulders exhibited tenderness and were positive for Hawkins tests. (Tr. 28, 613, 747.) Other physical examinations also revealed that plaintiff was positive for joint pains, muscle aches, back pain, and neck pain, contrary to the ALJ's findings. (Tr. 747.) Again, the ALJ erred by improperly cherry-picking the record to support his inconsistency finding.

As for ADLs, the ALJ pointed to plaintiff's testimony that she "has admitted to a fair amount of activity, walking quite a bit (allegedly with breaks after a quarter mile), and volunteering as a teacher and cook (albeit ending the latter activity about a year ago due to hand symptoms)" as a basis to discount her symptom testimony (Tr. 28.) As argued by plaintiff, the ALJ failed to identify any specific activities that she performed that exceeded her stated limitations, or that could translate to full-time work. In doing so, the ALJ failed to specify what testimony was not credible and link that testimony to the parts of the record. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2017). Because the ALJ did not explain "*which* daily activities conflicted with *which* part of [plaintiff's] testimony," *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014), the ALJ erred. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony.").

In sum, the ALJ did not provide a clear and convincing reason supported by substantial evidence for discounting plaintiff's subjective symptom testimony. Therefore, the ALJ erred.

Page 3 – OPINION AND ORDER
*Katrina W. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00987-AR

**B.**      ***RFC Formulated Without Medical Opinions.*** Plaintiff argues that the ALJ arrived at an RFC (light RFC with several postural, manipulative, and environmental limitations) without opinion evidence to support it. That is, the agency physicians did not recommend an RFC ("there are no prior administrative findings as the State agency consultants cited insufficient evidence" (Tr. 28 (citing Tr. at 72-77, 78-83)), and no other medical providers evaluated her functional limitations. Without supporting evidence, plaintiff argues, the ALJ impermissibly relied on his own lay interpretation of the raw medical data to formulate plaintiff's RFC.

Nevertheless, the Commissioner asserts that doing so is not a problem because the ALJ appropriately reviewed the medical evidence presented, resolved inconsistencies, and assessed plaintiff's RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1106 (9th Cir. 2015). According to the Commissioner, ALJ's are "capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty" when making disability decisions, relying on *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Because plaintiff does not identify other limitations that that were not accounted for in her RFC, the Commissioner argues, the RFC is supported by substantial evidence and the ALJ did not err. Not so.

*Farlow* is inapposite. There, the Ninth Circuit affirmed the ALJ's rejection of the only medical opinion that assessed the claimant's functional limitations under the pre-2017 regulations. *Id.* at 488 (stating that an "ALJ may reject the opinion of a non-examining physical by reference to specific medical evidence in the record"). Yet *Farlow* does not stand for the broader proposition that an ALJ may independently interpret raw medical data—absent any medical opinion about functional limitations—to support the RFC determination. Most district courts addressing that specific issue have concluded that where the record contains no medical

Page 4 – OPINION AND ORDER
*Katrina W. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00987-AR

opinions about a plaintiff's functional limitations, an ALJ's interpretation of the raw medical data to formulate the RFC is not supported by substantial evidence. *Peter B. v. Comm'r Soc. Sec. Admin.*, 1:21-cv-00437-YY, 2022 WL 3010162, at *3 (D. Or. July 28, 2022) (concluding the "ALJ may not rely on his own unsupported interpretation of the medical evidence" to formulate the RFC); *see also Michael W.U. v. Comm'r Soc. Sec. Admin.*, 3:23-cv-00654-LL-DTF, 2024 WL 3551866, at *6 (S.D. Cal. July 23, 2024), *adopted by*, 2024 WL 3626687 (Aug. 1, 2024) (concluding that where ALJ's RFC was not supported by a medical opinion from any source, it lacked substantial evidence and the ALJ erred); *Raul E.A. v. O'Malley*, 2:23-cv-01933-DJA, 2024 WL 5004524, at *6 (D. Nev. Dec. 5, 2024) (same and collecting cases); *Wilson v. Comm'r Soc. Sec. Admin.*, 2023 WL 8604381, at *4-6 (D. Ariz. Nov. 3, 2023), *adopted by*, 2023 WL 8600811 (Dec. 12, 2023) (same and collecting cases). The court finds the district courts' rationales persuasive on that issue and adopts it here. Consequently, because the ALJ's RFC is not supported by any medical opinion about plaintiff's functional limitations or capacity, the ALJ's RFC is not supported by substantial evidence, and the ALJ erred.

Additionally, plaintiff contends that the ALJ erred in failing to develop the record. (Pl.'s Br. at 4-6.) Although plaintiffs have a duty to provide evidence to support their disability benefits claims, 42 U.S.C. § 423(d)(5), ALJs also are "responsible for developing [plaintiffs'] complete medical history, including arranging for a consultative examination(s) if necessary" before finding plaintiffs are not disabled. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Thus, ALJs have a "special duty to develop the record fully and fairly and to ensure that [plaintiffs'] interests are considered, even when [plaintiffs are] represented by counsel." *Mayes v Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). That duty to develop the record is triggered when "there is

Page 5 – OPINION AND ORDER
*Katrina W. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00987-AR

"ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes*, 276 F.3d at 459-60)). If triggered, an ALJ may develop the record by subpoenaing the plaintiff's physicians, submitting questions to the plaintiff's physicians, continuing the hearing, ordering a consultative examination, or keeping the record open after the hearing to allow supplementation of the record. 20 C.F.R. §§ 404.1520b(b)(2)(i-iv), 416.920b(b)(i-iv); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (discussing various ways an ALJ may develop the record).

Here, the evidence provided to the ALJ was inadequate to allow for proper evaluation. As the ALJ acknowledged, the agency physicians found there was insufficient evidence from which to formulate opinions about plaintiff's functional capacity, thus triggering the ALJ's duty to further develop the record. *Tonapetyan*, 242 F.3d at 1150 (holding ALJ erred in relying on medical expert's equivocal testimony that he would need "more evidence" and "a more detailed explanation" to offer an opinion of plaintiff's mental impairments and remanding for record development); *Michael W.U.*, 2024 WL 3551866, at *5 (finding that the agency physicians' "initial failure to reach an opinion due to the lack of evidence demonstrates that the record was inadequate"). Even if, as the Commissioner contends, the ALJ had access to records that the agency physicians did not, the ALJ was not permitted to rely on his own unsupported interpretation of the medical evidence. *Peter B.*, 2022 WL 3010162, at *3. The court is not persuaded by the Commissioner's contention that keeping the record open for 30 days to allow plaintiff to submit additional records sufficiently discharged the ALJ's duty here. Although additional records were sent, none contained a medical opinion concerning plaintiff's functional limitations. (Tr. 775-812.) Because the record was inadequate, the failure of plaintiff's

Page 6 – OPINION AND ORDER
*Katrina W. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00987-AR

representative to request a consultative examination also did not discharge the ALJ's duty to develop the record here. *See Mayes*, 276 F.3d at 459 (discussing ALJ's duty to develop the record exists "even when the claimant is represented by counsel").

In short, the record contained no medical opinion, and the ALJ erred in relying on his own interpretation of the medical evidence to craft the RFC. Therefore, the record was inadequate and the ALJ erred in failing to develop record.

**C.**     ***Remedy.*** Remand for further administrative proceedings is necessary. That is because the ALJ erred in discounting plaintiff's symptom testimony and by assessing her RFC without any supporting medical opinions. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (stating that remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding"). On remand, the ALJ shall reevaluate plaintiff's symptom testimony, further develop the record, including ordering a consultative examination, and reformulate the RFC accordingly.

**CONCLUSION**

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings.

ORDERED: July 21, 2026.

/s/ JEFF ARMISTEAD
_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 7 – OPINION AND ORDER
*Katrina W. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00987-AR